[Civ. No. 20865.   First Dist., Div. Two.   May 16, 1963.]

Guardianship of the Persons and Estates of CLELIA TAN-FERANI, a Minor, et al. BANK OF AMERICA NATIONAL TRUST & SAVINGS ASSOCIATION, Petitioner and Appellant, v. CLELIA TANFERANI et al., Objectors and Respondents.

Falk & Falk and Harry W. Falk for Petitioner and Appellant.

Hill & Hill and Victor M. Corbett for Objectors and Respondents.

AGEE, J.—█ Bank of America appeals from an order sustaining certain objections to a guardianship account and directing that "a complete and proper accounting" be made. In effect, the order is a determination, *on the merits*, that the account filed is not complete or proper. This determination was made without the taking of any evidence on the issues raised by the objections. The facts follow.

Egidio Tanferani died prior to 1925, leaving a small amount of personal property and a parcel of ranch property which was distributed as follows: an undivided one-half to his widow (Felicita) and an undivided one-twelfth to each of their six minor children.

On July 8, 1925, Felicita was appointed guardian of the children's estates. At about the same time, she purchased certain dairy stock and equipment and, with the children, moved onto the ranch and operated it until her death.

On October 15, 1928, an inventory and appraisement was filed in the guardianship, showing each child to have an estate of $233.19 in cash and an undivided one-twelfth interest in the real property.

Felicita died on July 21, 1956, without ever rendering an account as said guardian, although the youngest child had reached her majority on March 21, 1941.

On October 8, 1956, the bank was appointed special administrator of Felicita's estate. Three of the children, who are the respondents herein, each filed a creditor's claim against said estate for moneys allegedly due from her as their guardian.

Upon rejection of these claims, each respondent filed suit. On March 24, 1961, an interlocutory order was made in these actions, directing the bank to account to respondents for all property delivered to Felicita, as guardian, and for rents, issues and profits of the real or other property in the guardianship estate.

On July 21, 1961, the bank filed a first and final account on behalf of Felicita, as such guardian, for the period from July 8, 1925, to the date of her death. Respondents filed 15 objections to the account. Objections numbered 1, 4, 7, 8, 13 and 14 were sustained and the others were denied. Respondents do not complain of the denials.

█ The principal objections in controversy are those

numbered 7 and 8. Number 7 challenges the adequacy of the rental value of each ward's interest in the real property. Number 8 questions the propriety of charging each ward $20 per month for "support and maintenance" from July 8, 1925, to the respective dates when each attained majority.

If the account as rendered is proper in these two respects, then the guardian would have credits in excess of debits at the termination of each child's minority. A summary of the account as to Clelia, the oldest of the respondents, illustrates this.

| | |
|---|---:|
| Cash received as per inventory filed ............ | $ 233.19 |
| Cash received from sale of right of way .......... | 187.81 |
| Cash received from sale of right of way ......... | 2.50 |
| Reasonable allowance for rent of interest in real property (from July 8, 1925, to May 12, 1930, at $116.06 per year) ........................... | 580.30 |
| Total cash received | $1,003.80 |
| Credit to guardian for payment of ward's share of county taxes for 1925 to 1930 .............. | 175.39 |
| Reasonable allowance for support and maintenance from July 8, 1925, to May 12, 1930, at $20.00 a month ........................... | 1,200.00 |
| Total credits | $1,375.39 |
| Disbursements in excess of receipts ............ | $ 371.59 |

The determination of objections numbered 1 and 4 is dependent upon whether any accounting would be necessary for the period after each respondent reached his or her majority if, at that time, the guardian's credits exceeded the debits.

█ Objections numbered 13 and 14 are directed to the failure of the account to show the creation of a guardianship bank account and the failure of the account to include vouchers for receipts or expenditures from the guardianship estates. These are evidentiary matters which may be inquired into at the hearing which we feel should be held as directed herein.

█ It seems obvious that a proper determination of the objections in dispute, particularly numbers 7 and 8, requires a hearing at which evidence may be adduced relating thereto.

Respondents' brief states, "for all the record shows on this appeal, testimony was taken." However, appellant's opening brief makes the flat statement that "there was no testimony

taken by the trial Court, upon hearing the said account and objections thereto; hence there is no Reporter's transcript on appeal." Respondents, in effect, confirm this. They state, in their reply brief, that it was stipulated by respective counsel "that the trial court could rule on the legal objections made by respondents on the basis of argument alone and that thereafter, in the event an amended accounting was filed, that the court could take testimony on those various matters requiring it."

Appellant expressly agrees that this stipulation was made, *except* for the inclusion of the clause, "in the event an amended accounting was filed." It is appellant's position that the taking of testimony was not conditioned upon the filing of an amended accounting.

It thus appears that the parties are in agreement to this extent, i.e., "that the trial court could rule on the legal objections made by respondents on the basis of argument alone and that thereafter. . . the court could take testimony on those various matters requiring it." The only disagreement is as to whether appellant should be required to file an amended accounting *before* the taking of any evidence. Neither side has ever stipulated to waive the right to produce evidence.

The difficulty giving rise to this appeal has been caused by the failure of the parties to reduce their stipulation to writing or to make it a matter of record. As a result, we have been compelled to accept that part of the stipulation which is agreed upon in the briefs and then attempt to bring about a result which is without prejudice to either side on the merits of the controversy.

The order heretofore made is set aside, with instructions to the lower court to set the account and the objections thereto for hearing, and thereupon take such evidence as may be necessary and proper for a determination of such objections. The parties are to bear their own respective costs on appeal.

Kaufman, P. J., and Shoemaker, J., concurred.